```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
SIMILIANO MARTINEZ, BONFACIO
SANTIAGO, DONATO SANTIAGO,          :
JAVIER SANTIAGO, MARGARITO
CRUZ and MIGUEL GONZALEZ, and       :   REPORT & RECOMMENDATION
on behalf of others similarly
situated,                           :   06 Civ. 5321 (RJH)(MHD)

                 Plaintiffs,        :

        -against-                   :

E&C PAINTING, INC., GIANT           :
TAPING AND PLASTERING, INC.,
ISIDIRO VELASQUEZ and RUFINAO       :
VELASQUEZ,
                                    :
                 Defendants.
---------------------------------x
```

TO THE HONORABLE RICHARD J. HOLWELL, U.S.D.J.:

Six named plaintiffs have sued two companies and their principals for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and various provisions of the New York Labor Law relating to the payment of overtime and pay for work on publicly funded projects. Defendants now move to dismiss with prejudice the claims of two of the plaintiffs, Messrs. Margarito Cruz and Miguel Gonzalez, based on their repeated failure to appear for deposition. Defendants also seek an award of expenses incurred for deposition sessions that these plaintiffs failed to attend. For the reasons that follow, we recommend that the motion be granted in part and denied in part.

1

A. Prior Proceedings

Plaintiffs commenced this lawsuit by filing their complaint on July 14, 2006. Within two weeks counsel for plaintiffs filed the consents of the six named plaintiffs to pursue this litigation. (Affirm. of Robert S. Nayberg, Esq., executed March 6, 2007, at ¶ 3 & Ex. B). In early 2007, two other plaintiffs joined the case. (Id. at ¶ 3). Defendants filed their answers on November 8 and December 15, 2006. (Id. at ¶ 4).

At our first conference, on December 12, 2006, we scheduled targeted and expedited discovery to focus on those issues that would prove potentially useful for encouraging a settlement. (Order dated Dec. 13, 2006). Consistent with this order, which required completion of the preliminary discovery by January 26, 2007, defendants completed the depositions of three of the original plaintiffs and commenced the deposition of a fourth. (Nayberg Affirm. at ¶ 7). Two of the plaintiffs, however -- Messrs. Cruz and Gonzalez -- failed to appear for their scheduled depositions. (Id. at 9).[1]

---

[1] In the same period plaintiffs also conducted Rule 30(b)(6) depositions of the two defendant entities. (Id. at ¶ 7).

2

At a conference with counsel on February 12, 2007, we addressed the problem of these plaintiffs' failure to appear. According to plaintiffs' counsel, neither of the men had been in regular communication with his attorneys, and it was not clear whether either one still wished to pursue the lawsuit. Accordingly, we issued an order directing that both Cruz and Gonzalez appear for deposition on February 27, 2007, at 10 a.m. and 2 p.m. respectively, and further warned that if either failed to do so, that non-compliance was "likely to lead to the dismissal of that plaintiff's claims in this case." (Order dated Feb. 13, 2007).

Consistent with our directive, it appears that plaintiff's counsel sent a letter explaining the order to Mr. Gonzalez on February 15, 2007. (Decl. of Mark Humowiecki, Esq., executed April 10, 2007, at ¶ 5). Counsel reports, however, that the letter, which was mailed to Gonzalez by certified mail, return receipt requested, was returned to the law firm. The firm subsequently had a courier deliver a letter to Mr. Gonzalez's house on February 26, 2007, where it was given to a neighbor because Mr. Gonzalez was not at home. (Id. at ¶¶ 5-6). It appears that counsel also sent such a letter to Mr. Cruz, and he apparently received it. (Aff. of Isidro Velasquez, sworn to March 29, 2007 at ¶ 6).

On February 27, 2007 the attorneys, a court reporter and an

3

interpreter were present at plaintiffs' law firm, both in the morning and in the afternoon, but neither plaintiff appeared for his deposition. Moreover, plaintiffs' counsel reported that neither client had been in touch with him, although he promised to continue to try to contact them in the following days. (Nayberg Affirm. at ¶¶ 11-12 & Ex. H).

On March 6, 2007 defendants E & C Painting, Inc. and Emigdio Velasquez moved under Fed. R. Civ. P. 37(d) to dismiss the claims of these two plaintiffs for failure to appear. Some months later, the other defendants joined in the motion. (See Notice of Joinder of Motion dated June 19, 2007).

As part of defendants' papers, they have submitted an affidavit from defendant Isidro Velasquez, who reported that when he was first served with the complaint, he spoke with Mr. Cruz -- who was then working for defendant E & C Painting -- and that Mr. Cruz had told him that he did not want to participate in the lawsuit. (Velasquez Aff. at ¶ 3). According to Mr. Velasquez, he even brought Cruz to his own attorney's office, but Velasquez's counsel told defendant not to speak further with Cruz about the case, an instruction that Velasquez claims to have honored. (Id. at ¶¶ 3-4). Velasquez further reported that on February 27, 2007 -- the scheduled day of the court-ordered deposition -- his attorney

4

called and asked him to tell Mr. Cruz to contact his own attorney, and that when he spoke to Cruz by phone, the plaintiff told him that he had received the written communications from his attorneys about the deposition. (Id. at ¶¶ 5-6). Velasquez also stated that Cruz confirmed in a later conversation on the same day that he had in fact called his attorneys and communicated to them that he no longer wished to pursue the case. (Id. at ¶ 7).[2]

Plaintiffs' counsel filed opposing papers on April 10, 2007. In support of his request to keep these plaintiffs in the lawsuit, counsel reported that he and others at his law firm had repeatedly attempted to contact both plaintiffs, by letter and by telephone, starting sometime before the February 12, 2007 conference, and had sought to advise their clients of the date of the rescheduled depositions. (Humowiecki Decl. at ¶¶ 4-7). He represented that his firm had not heard from Miguel Gonzalez, and that on one occasion, on March 13, 2007, he had received a phone call from Margarito Cruz, who agreed to visit the law firm four days later but never appeared. (Id. at ¶¶ 7-10). Counsel further noted that Cruz had been doing some work for the defendant companies during the pendency of the lawsuit, and he suggested that defendants may have successfully intimidated Cruz into not cooperating with his own

---

[2] According to plaintiffs' attorney, these events actually took place on March 13, 2007, not February 27, 2007. (Humowiecki Decl. at ¶ 9 & n.1).

5

lawyers. (Id. at ¶ 8; Pls.' Mem. of Law at 3-4). He also asserted that Gonzalez is a low-income worker who does not speak much English, had no experience with the court system, lives a transient lifestyle, and was probably not acting willfully in failing to respond, assuming that he had even received the attorneys' communications. (Pls.' Mem. of Law at 2-3). Accordingly, counsel suggested that dismissal should be avoided, in favor of a lesser sanction -- an order that these plaintiffs may not testify at trial unless they appeared at some point for their depositions. He further suggested that the court extend the deadline for those depositions to take place. (Id. at 4).

By the time that plaintiffs filed their responding papers, we had issued a schedule to complete all remaining discovery in the case. Under its terms, discovery was to end by June 14, 2007, with a joint pretrial order due by June 29, 2007 absent a potentially dispositive motion by that date. (Order dated March 30, 2007).

On May 3, 2007, we initially addressed the pending dismissal motion, which at that point was formally pressed only by defendants E & C and Emigdio Velasquez. Martinez v. E&C Painting, Inc., 2007 WL 1345726 (S.D.N.Y. May 3, 2007). After reciting the procedural history of the dispute, we noted the suggestion by plaintiffs' counsel that their clients may have been intimidated by defendants

6

into not appearing, and further observed that the record made it "at least possible that one or both of these plaintiffs have been pressured by some of the defendants to cease participation in the lawsuit." Id. at *3. We also noted, however, that their non-participation in the litigation "made it difficult to determine whether such pressures had been applied." Id. Given that uncertainty as well as the forthcoming deposition of defendant Giant Taping, we chose to withhold a decision on the dismissal motion until that deposition had been conducted and the parties had had the opportunity to submit further papers in its wake. Id. We subsequently granted an additional extension to the parties to supplement their motion papers based on the scheduling in June 2007 of a series of depositions of all of the defendants. (See Endorsed Order dated May 24, 2007).

Following the depositions of the defendants, plaintiff's counsel wrote to the court, conceding that "[d]espite our best efforts, we have been unable to contact Plaintiffs Cruz and Gonzalez." (June 18, 2007 letter to the Court from Linda Neilan, Esq.). Counsel nonetheless asked for more time to do so, and requested, alternatively, that the court dismiss those plaintiffs' claims without prejudice. (Id.).

Defendants filed a supplementation, pointing out that

7

plaintiff's counsel had offered no evidence to suggest any improper influence by defendants on the plaintiffs to discourage their participation in the lawsuit. (Resp. Decl. of Robert S. Nayberg, Esq., executed June 20, 2007 at ¶ 5). He also annexed portions of the transcript of the deposition of Mr. Velasquez in which the defendant denied having initiated any discussion of the lawsuit with Cruz, and claimed that he had not said anything to Cruz about it even when Cruz started a discussion. Velasquez also asserted that Cruz had told him that he did not want to be in the litigation, and he described taking Cruz to see the defendants' lawyer. (Id., Ex. D at 127-30).

## ANALYSIS

Defendants seek dismissal with prejudice of the claims of plaintiffs Gonzalez and Cruz for their repeated failure to appear for a court-ordered deposition or even to respond to their own attorneys' communications. Rule 37(d) of the Federal Rules of Civil Procedure authorizes a range of sanctions, including dismissal, that may be imposed on a party for failing to attend a deposition or to comply with a court order. Dismissal is of course "'a harsh remedy to be utilized only in extreme situations.'" LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d

Cir. 1972) (per curiam)). Thus, it should ordinarily not be invoked unless the court is satisfied that the non-compliance is attributable to "willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002)(quoting Hochberg v. Howlett, 1994 WL 174337 (S.D.N.Y. May 3, 1984)).

The pertinent considerations in choosing a sanction under Rule 37 include "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)(citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). Additionally, we examine the prejudicial impact of the non-compliance. See New Pac. Overseas Group (USA), Inc. V. Excal Int'l Dev. Corp., 2000 WL 97358 at *5 (S.D.N.Y. Jan. 27, 2000). It also bears emphasis that a plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b), the pertinent criteria for which largely parallel those applicable to the Rule 37 analysis. See, e.g., Shannon v. General Electric Co., 186 F.3d 186, 193-194 (2d Cir. 1999); Dodson v. Runyon, 86 F.3d 37, 39-40 (2d Cir. 1996) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc.,

839 F.2d 930, 932 (2d Cir. 1988)).

We address these concerns <u>seriatim</u>.

A. <u>Willfulness of the Plaintiffs' Non-Compliance</u>

In assessing whether dismissal is appropriate, we begin with the question of willfulness. With regard to Mr. Gonzalez, his attorney had an address for him and sent him the appropriate notification, both by mail and by courier. The first letter was mailed certified, return receipt requested, but it was returned to plaintiff's counsel undelivered, presumably because the plaintiff was not at home. (Humowiecki Decl. at ¶ 5). Subsequently, a courier delivered the letter to a neighbor, which suggests that Gonzalez still lived at the same address. (<u>Id.</u> at ¶ 6). Moreover, there is no indication that Gonzalez ever told his lawyer that he had moved.

Under these circumstances we can only deduce that Mr. Gonzalez knew enough at least to contact his attorney if he wanted to pursue the lawsuit, and that he chose not to do so. In this regard we also note that he knew enough to join the lawsuit in the first place and to provide the required written consent filed on his behalf by his attorney. Moreover, counsel was able to communicate in Spanish to ensure that his client understood his obligations. In short, we are

10

left with an unrebutted record reflecting, not an inability by Gonzalez to comply, but rather an apparent decision by him not to do so.

The record with regard to Mr. Cruz is somewhat cloudier. The testimony of Mr. Velasquez about his contacts with this plaintiff is somewhat troubling since it is apparent that, despite defendant's denials, he must have spoken to Cruz about the lawsuit (even if Cruz initiated the contact) since he took Cruz to see defendants' attorney. Whether or not he placed any pressure on Cruz is unclear. There is no direct support for that contention, and it is at least possible that -- as Mr. Velasquez testified -- Cruz genuinely did not want to pursue the lawsuit for any of a number of reasons.[3] In any event, it is clear that Cruz was aware of the need to attend his court-ordered deposition and chose not to do so.

## B. Duration of the Period of Non-Compliance

The period of these plaintiffs' default has been extensive. It

---

[3] We also note that the four other original plaintiffs in this case (excepting Gonzalez) have pursued their remedies here and none has been reported as complaining that defendants sought to pressure them to drop the case. We do not know from the record whether Cruz is the only one who has done any work for the defendant companies subsequent to the filing of the lawsuit, but if not, the absence of any indication of threats or pressure from any other such plaintiff may be significant.

11

appears that they have been out of touch with their attorneys since late 2006, with the exception of a single phone call involving Mr. Cruz in 2007. In that period of more than one year the time for discovery -- which was extended at the parties' request -- expired, and a joint pretrial order is due in less than a month. (See Endorsed Order dated January 18, 2008). Given the amount of time that has passed, it is fair to infer that these defaulting plaintiffs made definitive decisions not to pursue their case any longer.

### C. Notice of the Consequences of Non-Compliance

We also find that both plaintiffs have been warned of the consequences of their failure to comply with their discovery obligations and with a court order. Their counsel does not deny that his law firm sent both of them explanations in Spanish of the court's order, and although the letter sent to Mr. Gonzalez initially came back, presumably because it had been sent return receipt requested, another letter was delivered by courier to his neighbor in the same building. Moreover, Mr. Velasquez has reported without contradiction not only that Cruz told him that he was aware of the court-ordered deposition but that the plaintiff had spoken with his own attorneys in response to a phone call on the date of the deposition. This account parallels the report of plaintiff's

12

attorney that he spoke with Cruz on March 13, 2007 and arranged for his client to come into the office four days later. Although Cruz failed to appear for his appointment with counsel, we infer that he knew about the status of his case.

### D. Efficacy of Alternative Sanctions

As for alternative sanctions, we see none that are likely to be effective. It appears that both plaintiffs have decided for their own reasons to abandon the lawsuit. Issue-based preclusive sanctions are thus almost certain to be futile, since all that they will accomplish is to keep this part of the lawsuit going, with attendant expense to the defendants and no change in the eventual outcome. As for monetary sanctions, as plaintiffs' counsel notes, both plaintiffs work at low-paid jobs and hence are unlikely to have assets sufficient to satisfy such an award, assuming that they can even be located.

### E. Prejudice to the Defendants

Finally, the prejudice to defendants from the non-appearance of these plaintiffs appears to be substantial. Plainly, defendants need to know, for trial preparation or summary-judgment purposes, what plaintiffs contend with regard to the number of hours they

13

worked, what projects they worked on, and what they assert they were actually paid. Messrs. Gonzalez and Cruz are of course in the best position to testify about those matters; indeed, they are probably the only witnesses on plaintiffs' side who can do so. Denial to defendants of the ability to quiz them about these matters, as well as about any other facts that might affect an assessment of their credibility, constitutes substantial prejudice.

F. Another Consoderation

As a further consideration in weighing the appropriate remedy here, we note that these two plaintiffs are not the only ones seeking relief. The four other original plaintiffs apparently have cooperated with their attorneys, and deserve a chance to pursue this litigation with greater promptitude than would be likely if we allow the defaulting plaintiffs more time to change their minds.[4]

G. The Appropriate Relief

In sum, we conclude that the claims of these plaintiffs should be dismissed. As for the nature of the dismissal, we note that the

---

[4] Theoretically we could sever these two plaintiffs, but the attendant complications and the unavoidable added expense make such an effort -- after a year of waiting for plaintiffs to appear -- simply unjustifiable.

14

abiding policy of the federal courts is to promote the determination of cases on their merits if possible. See, e.g., Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001); Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995). Given that policy, as well as the still-lingering question of defendants' contacts with Mr. Cruz after Mr. Velasquez received the complaint in this case, and the fact that these two plaintiffs appear to be neophytes in litigation and quite possibly are fearful of the consequences of pursuing the lawsuit, we conclude that dismissal here should be without prejudice. Such a resolution strikes an appropriate balance since it will permit the remaining plaintiffs to have their day in court with reasonable promptitude while leaving open -- subject to the constraints of the applicable statutes of limitations -- the faint possibility that Messrs. Cruz and Gonzalez will ultimately choose to pursue their rights in court.

Finally, defendants seek an award against plaintiff's counsel of their expenses in setting up the two aborted depositions and presumably the expense of their current motion. Under the particular circumstances here, we recommend denial of this application. No such award could be justified against plaintiff's attorneys, since they are plainly blameless for the decisions of their clients. Indeed, not only have they strenuously sought to

represent these men, but they have also vigorously attempted over an extended period to persuade them to honor their obligations as litigants in this court.[5]

CONCLUSION

For the reasons noted, we recommend that the claims of plaintiffs Margarito Cruz and Miguel Gonzalez be dismissed without prejudice for failure to appear at their deposition in violation of a court order, and for failure to prosecute their case. We further recommend that the parties bear their own expenses of this motion.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries,

---

[5] Defendants do not seek such an award against plaintiffs, for obvious reasons. First, both plaintiffs almost certainly are not in a position to pay anything. Second, it bears emphasis that by virtue of the plaintiffs' non-appearance defendants will achieve a dismissal of their claims. If they had appeared for their depositions, defendants would of course have been required to bear the attendant expenses, and still would have been required to litigate their claims. In short, it appears that plaintiffs' non-appearance has, if anything, saved the defendants some expense. Third, at least with regard to Mr. Cruz, as we have noted, there is some uncertainty as to whether defendants improperly pressured him to withdraw form the case, and it would be the height of inequity to then impose upon him, for defendants' benefit, an additional financial cost potentially attributable to misconduct by those very defendants.

16

with extra copies to be delivered to the chambers of the Honorable Richard J. Holwell, Room 1950, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 470 U.S. 140, 150-52 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Dated: New York, New York
January 16, 2008

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

17

Copies of the foregoing Report and recommendation have ben mailed today to:

Mark R. Humowiecki, Esq.
Outten & Golden LLP
3 Park Avenue
29th Floor
New York, New York 10016

Robet S. Nayberg, Esq.
The Scher Law Firm, LLP
One Old Country Road
Suite 385
Carle Place, New York 11514

Mark C. Sternick, Esq.
105-14 Metropolitan Avenue
Forest Hills, New York 11375